## Kellerman v. Kellerman

*Oscar Brown*, for plaintiff.

*Robert B. Durham*, for defendant.

GOLD, P. J., March 25, 1965. — This proceeding arises from defendant's preliminary objections to plaintiff's complaint in assumpsit.

Plaintiff, Thelma M. Kellerman, commenced this action against her former husband, Edwin Kellerman, defendant, by filing a complaint on December 14, 1964. Service was made by a deputy sheriff on defendant, a resident of this county, by leaving a true and certified copy at his place of employment at Hahnemann Hospital, 230 N. Broad Street, Philadelphia, Pa., on December 17, 1964.

On January 6, 1965, defendant filed preliminary objections. Paragraphs 1 and 2 of the preliminary objections were withdrawn by defendant's counsel at the hearing before this court. Paragraph 3 was found to be lacking in merit and paragraphs 4 and 5 were found irrelevant in the instant action.

Defendant was given leave to file amended preliminary objections, the issue of which is now before this court.

The petitioner contends this court is without jurisdiction to hear the case, the amount in controversy being less than the required $5,000.

The parties were married in 1959. They subsequently separated, and plaintiff obtained a support order dated July 5, 1960, against defendant for $50 per week from the Juvenile and Domestic Relations Court of Hudson County, New Jersey. Subsequently, the New Jersey court increased the support to $216.66 per month by an order dated April 28, 1961.

Plaintiff obtained a Florida divorce from defendant by a divorce decree dated December 2, 1963, which awarded her custody of their daughter and also awarded her, inter alia, alimony of $75 per month.

Shortly after the Florida order dated December 2, 1963, plaintiff moved out of Florida. On July 1, 1964, defendant moved to Pennsylvania. On October 10, 1964, the Florida court entered a second order against defendant doubling the alimony to $150 per month.

The record shows the following judgments and order outstanding against defendant: (1) a judgment in New Jersey dated May 1, 1964, in the amount of $1,666.66; (2) a judgment in Florida dated December 2, 1963, in the amount of $1,025.53, which is based on a New Jersey judgment dated January 18, 1963, for a like amount; and (3) an order in Florida dated December 2, 1964, in the amount of $5,597.41.

Goodrich-Am. sec. 1020(a)—1, p. 138, states that "In actions of assumpsit, the plaintiff has an unlimited right to join all the claims he holds against the defendant, as long as they are all contractual or quasi-contractual." Counsel for the plaintiff cites Pennsylvania Rule of Civil Procedure 2231, which provides that:

"(b) In Philadelphia and Allegheny counties when parties asserting more than one cause of action join in an action it shall be brought in the court of common

pleas if an independent action brought by any one of such parties would have involved an amount within the exclusive jurisdiction of that court."

Plaintiff's counsel argues by analogy that where, as here, a single plaintiff asserts a cause of action which is within the jurisdiction of the court of common pleas, any other cause of action which may be asserted against defendant may be joined in that action. The court agrees with such a contention. The two New Jersey judgments and Florida order arose from the separation and subsequent divorce of the parties. The aggregate amount of the controversy is in excess of $8,000. It would be incongruous to remand the two New Jersey judgments to county court and have this court retain jurisdiction over the Florida order.

The remaining issue to be disposed of is whether this court has jurisdiction in an action to recover arrearages of alimony based upon a decree of a Florida court.

In Johnson v. Slocum, 70 Pitts. L. J. 113 (1922), a common pleas court in Pennsylvania was held to have jurisdiction in an action to recover arrearages of alimony and counsel fees based upon a decree rendered by an Illinois court, the court stating an action to recover arrearages of alimony and counsel fees awarded by a court in another jurisdiction "is not a proceeding to enforce a compliance with the decree of a Court of a sister State, but is an action at law to recover money due and unpaid at the date of suit." (p. 114).

Thus, plaintiff may proceed in asumpsit, in accord with the Florida decree, to recover money due as of the date of this suit.

Accordingly, defendant's preliminary objections to plaintiff's complaint in assumpsit are hereby ordered dismissed with leave to defendant to file an answer within 20 days.